[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14484
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00310-MMH-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN ARTURO ENAMORADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 17, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Melvin Arturo Enamorado appeals his 15-month sentence, imposed after he

pleaded guilty to conspiring to transport an illegal alien within the United States

for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (A)(v)(I), and (B)(i). Enamorado contends that his sentence is procedurally unreasonable because the district court erroneously applied a two-level role enhancement under U.S.S.G. § 3B1.1(c) for being a leader, organizer, or supervisor of the criminal activity. He also asserts that his sentence, which fell at the low end of the calculated guidelines range, is substantively unreasonable.

I.

We review a district court's application of a § 3B1.1 role enhancement for clear error. United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005). Section 3B1.1(c) of the sentencing guidelines imposes a two-level increase in a defendant's base offense level if the defendant "was an organizer, leader, manager, or supervisor in any criminal activity" that involved less than five participants and was not otherwise extensive. U.S.S.G. § 3B1.1(c). Relevant factors in determining whether a defendant was an organizer or leader of criminal activity include:

> (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

United States v. Caraballo, 595 F.3d 1214, 1231 (11th Cir. 2010); see also U.S.S.G. § 3B1.1 cmt. n.4. It is not necessary that every factor be present in a

2

particular case for the enhancement to apply. Caraballo, 595 F.3d at 1231. Instead, a § 3B1.1 enhancement is appropriate where "the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity," United States v. Martinez, 584 F.3d 1022, 1026 (11th Cir. 2009), and we have affirmed such enhancements where a defendant recruited or instructed other participants, see Caraballo, 595 F.3d at 1231 (collecting cases).

The district court did not err, let alone clearly err, in finding that Enamorado organized, led, managed, or supervised the transport of illegal aliens. The uncontroverted facts, as established by the government's factual proffer during his plea hearing and the presentence investigation report, show that Enamorado recruited and paid a co-conspirator, Diego Ixmata-Chan, to drive seven illegal aliens from Texas to Florida, arranged the meeting location for the driver and the aliens, supplied Ixmata-Chan with a van and gas money to facilitate the offense, and instructed Ixmata-Chan to collect specified transportation fees from the family members of the aliens and then return to Texas with the proceeds. When Ixmata-Chan was stopped by United States Border Patrol agents while en route to Florida, he was carrying a cell phone that contained Enamorado's phone number and the following text message: "When you arrive in Miami call this number Pedro Luis's sister."

3

Despite these undisputed facts regarding his role in the offense, Enamorado contends that he is not subject to a leadership role enhancement because none of the undocumented aliens identified him and there was no evidence that he held meetings to discuss the offense, remained in close contact with Ixmata-Chan before or during the trip, owned the van that he supplied to Ixmata-Chan, or shared the profits of the offense with any other individual. None of these factors are essential for application of a § 3B1.1 role enhancement and, as discussed, the undisputed facts reveal that Enamorado exerted some degree of control, influence, or decision-making authority over Ixmata-Chan.

## II.

As for Enamorado's remaining challenge to his sentence, we review the substantive reasonableness of a sentence under a deferential abuse of discretion standard based on the totality of the circumstances. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). The party challenging a sentence bears the burden of demonstrating that it is unreasonable in light of the record and the factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense; the history and characteristics of the defendant; the applicable guidelines range; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to promote respect for the law, provide just punishment, protect the public from further crimes by the defendant,

4

and afford adequate deterrence to criminal activity.  See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005); 18 U.S.C. § 3553(a).  "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008), and we will not reverse a sentence as substantively unreasonable unless "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case," United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).  While we do not presume that a within-guidelines sentence is reasonable, we ordinarily expect it to be so.  United States v. Lebowitz, 676 F.3d 1000, 1016 (11th Cir. 2012).

Enamorado argues that his 15-month sentence is substantively unreasonable because his limited criminal record, consisting of a 2009 conviction for assault on a family member, does not "compel excessive concern over recidivism"; his sentence is nearly three times longer than the "unenhanced lowest guideline sentence"; he would still suffer many of the disadvantages of a federal criminal conviction with a lesser custodial term; and his known and sentenced co-conspirators, Ixmata-Chan and another driver named Edwyn Adelman Chinchilla-Perez, received lower sentences of seven and four months, respectively.  He also

maintains that the district court mechanistically applied the sentencing guidelines, relied on an impermissible sentencing factor, and was overly concerned with punishing him based on the number of transported illegal aliens and his organizational role in the offense.

Enamorado has not met his burden of demonstrating that his sentence is substantively unreasonable in light of the record and the § 3553(a) factors. The sentence falls at the very bottom of the applicable guidelines range of 15 to 21 months imprisonment, and is far below the 10-year statutory maximum sentence. See 8 U.S.C. § 1324(a)(1)(B)(i). The sentence also adequately accounts for the seriousness of his offense; his organizational role and criminal history; and the need to promote respect for the law, provide just punishment, and deter him and others from committing similar crimes. See 18 U.S.C. § 3553(a). The record does not support Enamorado's contention that the district court mechanistically applied the guidelines or relied on an impermissible sentencing factor, which he does not even bother to identify with any specificity. The parties argued for particular sentences based on the § 3553(a) factors, the district court acknowledged those arguments, and the court imposed a sentence at the low end of the guidelines range based on its assessment of the statutory factors.

The fact that Enamorado's sentence exceeds the guidelines range that would have applied absent any enhancements to his base offense level is irrelevant to the

reasonableness inquiry because it ignores the specific circumstances of his offense, including his organizational role. Section 3553(a) directs sentencing courts to consider the actual guidelines range, which is premised on all applicable enhancements, not the range that would have applied if a defendant committed his crime in some different, less serious way. Likewise, the fact that Enamorado's co-conspirators received lower sentences does not, as he suggests, give rise to an unwarranted sentencing disparity. As the district court rightly acknowledged, the two co-conspirators, who were recruited to drive undocumented aliens across the country, played different and less culpable roles in the offense than Enamorado. "A well-founded claim of disparity," unlike the claim advanced by Enamorado, "assumes that apples are being compared to apples." United States v. Mateo-Espejo, 426 F.3d 508, 518 (11th Cir. 2005). Or in the context of this case, a well-founded claim of disparity requires a comparison among leaders, organizers, or supervisors, not organizers and recruited drivers. We are far from convinced that Enamorado's low-end, within-guidelines sentence lies outside the range of reasonable sentences dictated by the facts of this case and the § 3553(a) factors. See Irey, 612 F.3d at 1190.

**AFFIRMED.**

7